22-872-cv
Tillman v. New York City

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand twenty-three.

PRESENT: BARRINGTON D. PARKER,
              GERARD E. LYNCH,
              RAYMOND J. LOHIER, JR.,
                        *Circuit Judges*.

------------------------------------------------------------------

TAMMARA TILLMAN,

           *Plaintiff-Appellant*,

     v.                                              No. 22-872-cv

NEW YORK CITY DEPARTMENT OF HUMAN RESOURCES ADMINISTRATION,

           *Defendant-Appellee,*

ROBERT HOUSER, MICHAEL GREENE, MARIA CINIGLIO, RAD JACUH, KLARA

1

SHOUMAKER, STEPHANIE GRANT,

*Defendants.*

---------------------------------------------------------------

FOR PLAINTIFF-APPELLANT: Monique E. Aziza, Volunteer Lawyer's Project, Boston, MA

FOR DEFENDANT-APPELLEE: Richard Dearing, Claude S. Platton, Jeremy Pepper, Assistant Corporation Counsel, *for* Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Mary Kay Vyskocil, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREEED that the judgment of the District Court is AFFIRMED.

Tammara Tillman appeals from a March 24, 2022 judgment of the United States District Court for the Southern District of New York (Vyskocil, J.) dismissing her race and disability discrimination claims brought under the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213 ("ADA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII") and declining to exercise supplemental jurisdiction over her state and city law claims. We assume the parties' familiarity with the underlying facts and the record of prior

proceedings, to which we refer only as necessary to explain our decision to affirm.

Tillman sued the New York City Department of Human Resources Administration ("HRA"), her former employer, asserting primarily that HRA had violated the ADA by failing to provide her with reasonable accommodations for her disability. In particular, she alleges that she has "back spasms, sciatica, fibromyalgia, [and] pinched nerves," that she requested a "standing footrest" and "ergonomic chair" as a reasonable accommodation for her disability, and that the "rocking footrest" and "dilapidated ergonomic chair" that she was provided were not reasonable accommodations. App'x 13-15.

We review de novo a district court's grant of a motion to dismiss, accepting all well-pleaded factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. See Fed. R. Civ. P. 12(b)(6); Palin v. N.Y. Times Co., 940 F.3d 804, 809 (2d Cir. 2019). To establish a prima facie case for failure to accommodate a disability, a plaintiff must allege that:

> (1) [the p]laintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of h[er] disability; (3) with reasonable accommodation, [the] plaintiff could perform the

3

essential functions of the job at issue; and (4) the employer has refused to make such accommodations.

Williams v. MTA Bus Co., 44 F.4th 115, 125 (2d Cir. 2022) (quotation marks omitted).[1]

The parties dispute whether HRA refused to provide Tillman with a reasonable accommodation. A reasonable accommodation "is one that enables an individual with a disability . . . to perform the essential functions of that position or to enjoy equal benefits and privileges of employment." Noll v. Int'l Bus. Machs. Corp., 787 F.3d 89, 94 (2d Cir. 2015) (cleaned up). The accommodation "must be effective," but the ADA does not require employers to "provide a perfect accommodation or the very accommodation most strongly preferred by the employee." Id. at 95. Tillman acknowledges that, in response to her request, HRA provided her with an ergonomic chair and footrest, but alleges that the ergonomic chair was "dilapidated" and the "rocking footrest agitate[d her] . . . physical impairments." App'x 15. Tillman concedes that she was able to "perform[] the essential functions of her job despite the unreasonable

---

[1] Tillman's brief does not refer to her hostile work environment claims or her claims under state or local law. We therefore conclude that she has abandoned any challenge to the dismissal of those claims. See Major League Baseball Props., Inc. v. Salvino, Inc., 542 F.3d 290, 294 (2d Cir. 2008).

4

accommodation that she received," Appellant's Br. 8, and she identifies no "benefits or privileges of employment" that she was not able to enjoy because of the chair and footrest that she was provided, Noll, 787 F.3d at 95–96.  Although Tillman also alleges that she was at times forced to take extended medical leave due in part to injuries sustained at work, she does not attribute any such injury to the footrest.  And while Tillman does attribute her September 2015 leave of absence to an injury caused by the first ergonomic chair provided by HRA, she concedes that after she complained about that chair, another was provided for her, and does not attribute any of her subsequent leaves to that second chair. [2]

---

[2] To the extent Tillman asserts a separate failure to accommodate claim based solely on HRA's allegedly unreasonable delay in providing what might otherwise have been reasonable accommodations, we likewise see no reason to disturb the District Court's conclusions.  Although we have never endorsed the test applied by the District Court — requiring a plaintiff to plead that the delay was motivated by discriminatory intent — Tillman has failed to allege facts sufficient to demonstrate unreasonable delay even under other Circuits' more permissive approaches.  See Perkins v. City of New York, No. 22-196-cv, 2023 WL 370906, at *3 (2d Cir. Jan. 24, 2023) (summary order) (observing that "[w]e have never specifically addressed in a precedential opinion this intent issue in the context of an alleged delay in providing the accommodation" in the substantively identical ADA or Rehabilitation Act contexts); see also, e.g., Swain v. Wormuth, 41 F.4th 892, 898 (7th Cir. 2022) (factors relevant to unreasonable delay "include[e], but [are] not limited to, such factors as the employer's good faith in attempting to accommodate the disability, the length of the delay, the reasons for the delay, the nature, complexity, and burden of the accommodation requested, and whether the employer offered alternative accommodations").

We agree with the District Court that Tillman's allegations in support of her claim that the accommodations HRA provided are too conclusory and thus fail to establish a prima facie case for failure to accommodate a disability.

Tillman also argues that the District Court erred in dismissing her discrimination claims under the ADA and Title VII. On appeal, Tillman fails to develop her legal theory in support of this argument. See Corren v. Condos, 898 F.3d 209, 225 n.8 (2d Cir. 2018) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (quotation marks omitted)). But even if we consider the argument, and even assuming that the conduct that Tillman argues qualifies as adverse employment actions — for example, the assignment of duties outside of her job description and the failure to hire her to another position — does meet that standard, Tillman does not allege facts sufficient to raise an inference that those actions were taken because of her race or disability. See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 85 (2d Cir. 2015) (holding that, on a motion to dismiss, a plaintiff alleging employment discrimination based on her race bears the "minimal burden of alleging facts suggesting an inference of discriminatory motivation" (quotation marks omitted)).

6

We have considered Tillman's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court